**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re Ex Parte Application of BENTPROP HOLDINGS INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN TESTIMONY FOR USE IN FOREIGN PROCEEDING. | Case No. ___________________ |

**BENTPROP HOLDINGS INC.'S MOTION**
**FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**
**GRANTING LEAVE TO OBTAIN TESTIMONY**
**FOR USE IN FOREIGN PROCEEDING**

Applicant Bentprop Holdings Inc. ("Bentprop") respectfully requests that the Court issue a subpoena to Steven Migliero Jr. for remote testimony in *Bentprop Holdings Inc. v. TFS Management, Inc.*, CV-20-006412-000, which is scheduled for trial in the Superior Court of Justice of the Province of Ontario in Toronto beginning on March 31, 2025. In support of this motion, Bentprop states:

1. The requirement of 28 U.S.C. § 1782 are met in this matter. Bentprop is an interested entity as the claimant in a foreign proceeding. Mr. Migliero is found in this District, where he works and where he is believed to reside. And Bentprop requests an order compelling testimony for use in a foreign proceeding.
2. The discretionary factors under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) also weigh in favor of issuing the subpoena.

The grounds for this motion are more fully set out in Bentprop's Memorandum in Support and the accompanying Declaration of Derek Ricci, Esq.

## CONCLUSION

For the foregoing reasons, Bentprop respectfully requests that the Court issue a subpoena to compel Steven Migliero Jr. to appear for remote testimony in *Bentprop Holdings Inc. v. TFS Management, Inc.*, CV-20-006412-000, Ontario Superior Court of Justice.

Dated: February 18, 2025

Respectfully submitted,

BENTPROP HOLDINGS INC.

By its attorney,

*/s/ Megan A. Siddall*
Megan A. Siddall (BBO No. 568979)
Miner Siddall LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 202-5890
msiddall@msdefenders.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was submitted ex parte and therefore not served on respondent.

*/s/ Megan A. Siddall*
Megan A. Siddall